Ben Baxter, Ex'r, *v.* W. Anderson, of color.

**Wills—Rule of Construction.**
　　It is a universal rule of construction that a legatee cannot hold against a will and also take under it.

APPEAL FROM HENRY CIRCUIT COURT.

January 20, 1877.

Opinion by Judge Lindsay:

This case differs materially from that of *Neely v. Merritt,* 9 Bush 346. Here the appellee was not to become free until the death of Mrs. Baxter. In the meantime she was to hold and own him, and to receive the proceeds of his labor. Again, the amount of money set apart to be used in sending him out of Kentucky was not to be the proceeds of his labor, whilst temporarily held in a state of pupilage. It was to be paid out of the estate of the testator. By the will of the testator, Anderson would have been entitled to his freedom in 1874. Up to that time, by the provisions of that instrument, he owed service to Mrs. Baxter, or to the party to whom she permitted him to be bound. He claimed his freedom under the thirteenth amendment to the Federal Constitution, and against the will. He now claims his legacy under the will.

It is a universal rule of construction that a legatee cannot hold against a will, and also take under it. The demurrer to the appellant's answer should have been overruled.

Judgment *reversed* and cause remanded for further proceedings not inconsistent with this opinion.

*J. Barbour,* for appellant. *Webb & Waterson,* for appellee.